IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL R. BENNETT, )
 )
        Petitioner, )
 ) 1:10CR45
  v. ) 1:11CV760
 )
UNITED STATES OF AMERICA, )
 )
        Respondent. )

### ORDER

On June 18, 2014, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. § 636. (Docs. 105 and 106.) Petitioner filed a response to the Recommendation. (Doc. 109.)

Pursuant to 28 U.S.C. § 636, the court is obliged to conduct a *de novo* determination as to "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(2)-(3). An objecting party is required to identify specifically those findings objected to and to support such objection with the basis for it. Suntrust Mortg., Inc. v. Busby, 651 F. Supp. 2d 472, 476 (W.D.N.C. 2009). "A general objection, or one that merely restates the arguments previously presented[,] is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested

resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." Id. (quoting Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004)); see United States v. O'Neill, 27 F. Supp. 2d 1121, 1126 (E.D. Wis. 1998) (noting that "[w]ithout specific reference to portions of the magistrate's decision and legal discussion on the objected portion, the district court's duty to make a *de novo* determination does not arise"). Similarly, "general or conclusory objections" that do not point to specific error do not require this court's *de novo* review and will result in the waiver of appellate review. E.g., Smith v. Wash. Mut. Bank FA, 308 F. App'x 707, 708 (4th Cir. 2009) (per curiam) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). In the absence of a valid objection, the court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). "A finding is clearly erroneous when, although there is evidence to support it, on the entire evidence the reviewing court is left with the definite and firm conviction that a mistake has been committed." Faulconer v. C.I.R., 748 F.2d 890, 895 (4th Cir. 1984) (citing United States v. Gypsum Co., 333 U.S. 364, 395 (1948)).

Here, Petitioner's response does not meet the requirements to invoke the court's *de novo* review.  Petitioner largely provides his perspective as to his motives in running his business and includes a request, now that he has served his sentence, to be relieved of the lingering burdens of his felony conviction, including the restitution balance, which is considerable.  The court has carefully reviewed the Magistrate Judge's report and Petitioner's response and, finding no clear error in the report's conclusions, therefore adopts the Recommendation.

IT IS THEREFORE ORDERED that Petitioner's Motion to vacate, set aside or correct sentence (Doc. 87) is DENIED and this action is DISMISSED.  Finding neither a substantial issue for appeal concerning denial of a constitutional right affecting the conviction nor a debatable procedural ruling, the court denies a certificate of appealability.

                                        /s/   Thomas D. Schroeder
                                       United States District Judge

September 9, 2014